<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 08-4431**

───────────

UNITED STATES OF AMERICA,

             Plaintiff – Appellee,

       v.

PEDRO MARTINEZ-HERNANDEZ,

             Defendant – Appellant.

───────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  W. Earl Britt, Senior District Judge.  (5:07-cr-00287-BR-1)

───────────

Submitted:  January 27, 2010      Decided:  February 11, 2010

───────────

Before MICHAEL, KING, and SHEDD, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.  George E. B. Holding, United States Attorney, Barbara D. Kocher, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pedro Martinez-Hernandez appeals his seventy-one month prison sentence for illegally reentering the United States after having been convicted of an aggravated felony and deported, in violation of 8 U.S.C. § 1326(a)(2), (b)(2) (2006). On appeal, Martinez-Hernandez contends that his sentence at the high end of his advisory guideline range is unreasonable, because it resulted from application of the sixteen-level enhancement under U.S. Sentencing Guidelines Manual § 2L1.2(b)(1)(A)(i) (2007), and because the district court considered an improper factor in selecting the sentence. We affirm.

We review a sentence imposed by the district court under a deferential abuse-of-discretion standard. See Gall v. United States, 552 U.S. 38, 51 (2007). The first step in this review requires us to ensure that the district court committed no significant procedural error, such as improperly calculating the guideline range, failing to consider the 18 U.S.C. § 3553(a) (2006) factors, or failing to adequately explain the sentence. United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009). We then consider the substantive reasonableness of the sentence imposed, taking into account the totality of the circumstances. Gall, 552 U.S. at 51. On appeal, we presume that a sentence within a properly calculated guideline range is reasonable. United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007).

Martinez-Hernandez, a citizen of Mexico who illegally entered the United States, has been deported from the United States three times. After being deported on September 26, 1998, he illegally returned and was convicted of possessing narcotic drugs for sale on September 16, 1999. After being deported on December 20, 1999, he illegally returned and was convicted on July 10, 2000, of sale of narcotic drugs. After serving his prison sentence, he was deported on June 25, 2003, and illegally returned on November 1, 2003. On June 4, 2007, he was arrested for interfering with emergency communications in a domestic dispute. He was subsequently indicted and pled guilty to being found in the United States after having been convicted of an aggravated felony on July 10, 2000, and removed on June 25, 2003.

The probation officer determined Martinez-Hernandez's base offense level under USSG § 2L1.2(a) was eight; sixteen levels were added under USSG § 2L1.2(b)(1)(A)(i) because he was deported after a drug trafficking offense conviction for which his sentence exceeded thirteen months; and he received a three-level reduction for acceptance of responsibility. With a total offense level of twenty-one and criminal history category IV, his guideline range was fifty-seven to seventy-one months. He filed an objection to the sixteen-level enhancement based on Apprendi v. New Jersey, 530 U.S. 466 (2000), and its progeny,

3

asserting the district court was prohibited from making factual findings to apply the enhancement. The district court overruled the objection and adopted the presentence report.

Martinez-Hernandez requested a sentence at the low end or below his guideline range, arguing that there was less need for the district court to protect the public in fashioning a sentence because he would be returned to Mexico; he had tried to change his life when he returned to the United States the last time by working and taking care of his family; his children and fiance were relocating to Mexico and he did not wish to return to the United States; and deterrence would be accomplished by a sentence below the guideline range. The Government responded that based on Martinez-Hernandez's record, deportation did not appear to protect the public at all. The Government also noted he had been a member of a street gang and requested that the district court impose a sentence within the guideline range.

In explaining its sentence, the district court noted Martinez-Hernandez had been deported and "turned right around and came back"; and when he came back, he "violated the law by selling drugs and things of that nature." The sentencing judge further commented that he had sympathy for people who came to the United States seeking employment, but that people like Martinez-Hernandez gave the people who came here legitimately a bad name.

On appeal, Martinez-Hernandez contends his sentence is unreasonable because the effect his behavior has on the public perception of a group of people, i.e., people coming to this country legitimately, is not one of the 18 U.S.C. § 3553(a) (2006) factors, and the district court should not have based any part of his sentence on such a ground. He further contends that the sixteen-level enhancement under USSG § 2L1.2(b)(1)(A)(i) makes his sentence unreasonable as it was "enacted by the Sentencing Commission with little deliberation or empirical justification"; resulted in a sentence that is greater than necessary to comply with the statutory purposes of punishment; and his sentence based on the enhancement is not entitled to a presumption of reasonableness on appeal. Martinez-Hernandez does not, however, contend that his guideline range was improperly calculated.

While the district court was free to consider policy decisions behind the guidelines, including the presence or absence of empirical data, as part of its consideration of the § 3553(a) factors in this case, see Kimbrough v. United States, 552 U.S. 85 (2007); United States v. Mondragon-Santiago, 564 F.3d 357, 366 (5th Cir.), cert. denied, 130 S. Ct. 192 (2009), Martinez-Hernandez did not make this argument in the district court and the court did not abuse its discretion by failing to raise the issue on its own. Moreover, Kimbrough did not affect

our appellate presumption for sentences within a properly calculated guideline range. See Mondragon-Santiago, 564 F.3d at 366. We further conclude that the district court did not consider an improper factor or otherwise abuse its discretion in sentencing Martinez-Hernandez to the high end of his guideline range. Martinez-Hernandez does not claim that the district court failed to consider the § 3553(a) factors, and as noted by the Government, the court was not limited to consideration of those factors. See 18 U.S.C. § 3661 (2006). The district court's comments indicate its consideration of the nature and circumstances of Martinez-Hernandez's offense, his history and characteristics, and the need for the sentence to promote respect for the law, afford adequate deterrence to criminal conduct, and protect the public from further crimes.

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED